# CIVIL COVER SHEET

16-3292

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KAMRAN KHAN

### DEFENDANTS
OCWEN FINANCIAL CORP., OCWEN LOAN SERVICING CORP., ONE WEST BANK FSB, and
U.S. Bank, National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates 2005-5N

**(b)** County of Residence of First Listed Plaintiff  MONTGOMERY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  PALM BEACH
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Norman Perlberger, Esquire
Two Bala Plaza - Suite 300
Bala Cynwyd, PA 19004
(610) 664-2440

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | | **LABOR** / **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** ☐ 370 Other Fraud | | ☐ 710 Fair Labor Standards Act / ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | | ☐ 720 Labor/Management Relations / ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | | ☐ 740 Railway Labor Act / ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | | ☐ 751 Family and Medical Leave Act / ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation / ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 791 Employee Retirement Income Security Act | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332
Brief description of cause:
FRAUDULENT PRACTICES IN CONNECTION WITH MORTGAGE FORECLOSURE

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

JUN 23 2016

DATE: 06/23/2016
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**UNITED STATES DISTRICT COURT**

16    3292

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 228 Indian Creek Road, Wynnewood, MONTCO, PA

Address of Defendant: (lead) OCWEN — 1661 Worthington Road, Suite 100, West Palm Beach, FLA

Place of Accident, Incident or Transaction: Conduct affected property in Montgomery County & harmed Plaintiff
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: N/A    Judge _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) Fraud, Int. Infliction, Malicious Abuse of Process, Quiet Title

**ARBITRATION CERTIFICATION**
(Check Appropriate Category)
I, Norman Perlberger, Esq, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2) that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☒ Relief other than monetary damages is sought.

DATE: 6/23/16    _____    _____
                  Attorney-at-Law      Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

JUN 23 2016

DATE: _____    _____    _____
                  Attorney-at-Law      Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM



KAMRAN KHAN                     :     CIVIL ACTION
        v.                      :
OCWEN FINANCIAL CORP,           :     16    3292
        et al.                  :     NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

6/23/16                                                           Attorney for PLAINTIFF
Date          Attorney-at-law

(610) 664-2440     (610) 664-5553        np@perlbergerlaw.com
Telephone          FAX Number             E-Mail Address

(Civ. 660) 10/02

JUN 23 2016

Norman Perlberger, Esquire (np4025)                    Attorney for Plaintiff
PERLBERGER LAW ASSOCIATES, P.C.
PA Attorney Identification No. 15742
Two Bala Plaza, Suite 300
Bala Cynwyd, PA  19004
(610) 664-2440
np@perlbergerlaw.com

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAMRAN KHAN**<br>    **Plaintiff**<br>vs.<br><br>**OCWEN FINANCIAL CORP.**,<br>    and<br>**OCWEN LOAN SERVICING LLC,**<br>    and<br>**ONE WEST BANK, FSB**<br>    and<br>**U.S. Bank, National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates 2005-5N**<br>    **Defendants** | : CIVIL ACTION NO.<br>:    **16   3292**<br>:<br>:<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED<br>:<br>:<br>:<br>: |

## COMPLAINT

### Jurisdiction and Venue

1. Jurisdiction of this matter lies in this Court by virtue of diversity of citizenship and because the matter in controversy is in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of interest and costs, as set forth in 28 U.S.C. §1332(a)..

2. Venue is conferred upon this Court by virtue of 28 U.S.C. §1391(b)(2).

### Parties

3. Plaintiff is a citizen of the Commonwealth of Pennsylvania, residing therein at 228 Indian Creek Road, Wynnewood, PA 19096.

1

4. Defendant, Ocwen Financial Corp., is a corporation organized under the laws of the State of Florida, with its principal place of business at 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409.

5. Ocwen Financial Corp. is licensed to service mortgage loans in all 50 states. Defendant has been servicing residential mortgage loans since 1988 and subprime mortgage loans since 1994 and is the biggest non-bank servicer of US mortgages.

6. Defendant, Ocwen Loan Servicing LLC, is a wholly owned subsidiary of Defendant Ocwen Financial Corp., with its principal place of business at 1661 Worthingon Road, Suite 100, West Palm Beach, Florida 33409.

7. Throughout this Complaint, Defendants Ocwen Financial Corp. and Ocwen Loan Servicing LLC, shall be collectively identified as "OCWEN".

8. Defendant, One West Bank, FSB, is a corporation organized under the laws of Texas, with its principal place of business located at 888 E. Walnut Street, Pasadena, CA 91101.

9. Defendant, US Bank, National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2005-5N, is a Trust operated by U.S. Bancorp, with its principal place of business at 800 Nicollet Mall, Minneapolis, MN 55402 (hereinafter, "Trust").

10. At all times relevant hereto, OCWEN owned by way of assignment or serviced mortgage loans on properties located in Pennsylvania.

11. At all times relevant hereto, OCWEN served as agent for Defendant Trust.

**Operative Facts**

12. On September 19, 2005, Plaintiff and his then wife, Kimberly Romm, purportedly executed a Mortgage in the amount of Eight Hundred Fifty Thousand ($850,000), in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") acting as "nominee for Lender" and identified as the Mortgagee in the underlying security agreement, with the supposed Lender being IndyMac Bank.

13. Said loan was allegedly assigned by MERS to Defendant OneWest Bank.

14. An individual by the name of Erica Johnson-Seck, who was an officer and/or authorized agent on behalf of MERS (the supposed Mortgagee) AND Defendant One West Bank, FSB, was the alleged signer of thousands of assignments involving both entities, doing so as an admitted "robo-signer", supposedly executing said successive assignments without the benefit of review or notarization, taking seconds to sign stacks of said assignments, having said supposed assignments notarized after-the-fact.

15. This course of conduct was illegal and constituted thousands of fraudulent transactions.

16. This course of illegal conduct occurred over a period of years, with the express knowledge and authority of Defendant One West Bank, FSB. The facts alleged in paragraphs 14 and 15 have been admitted by Ms. Johnson-Seck in a number of depositions and trials throughout the country.

17. Despite the obvious and questionable validity of the supposed assignments, Defendant One West Bank FSB instituted foreclosure proceedings against Plaintiff in the Court of Common Pleas of Montgomery County (#10-29604) on October 5, 2010.

18. At a time that is unknown, OneWest Bank supposedly assigned the said loan to Lehman Brothers, as part of an acquisition of more than 209,000 "junk mortgage securities".

19. None of the assignment documents have ever been produced, despite repeated demands made by Plaintiff's legal representatives over the course of several years.

20. At some point in time, the date of which is unknown, Defendant OCWEN was party to a "corrective assignment", the underlying nature, purpose and manner of this transaction has never been disclosed despite repeated demands over the course of many years.

21. Despite the above illegal practices, Lehman Brothers, prior to its bankruptcy, purchased hundreds of thousands of "junk mortgage securities", in which Lehman investors participated.

22. As a consequence of its bankruptcy proceedings, Defendant U.S. Bank was appointed Trustee of said securities, and thereafter has acted, *inter alia*, in the capacity of creditors' agent seeking to collect on said assigned instruments.

23. As a result of disclosed fraudulent practices, in 2014, Judge Shelley Chapman of the U.S. Bankruptcy Court has ordered that each of more than 209,000 supposedly assigned mortgages be reviewed "one-by-one" to determine their validity and enforceability.

24. Plaintiff's alleged debt and its successive undocumented assignments is one of the disputed assets of the Trust.

25. As part of the resolution of the economic issues in their divorce, Kimberly Romm, by quitclaim deed, conveyed her interest in the subject property to Plaintiff.

26. At a date unknown, Defendant U.S. Bank, One West Bank's supposed assignee, took over the foreclosure litigation against Plaintiff.

4

Case 2:16-cv-03292-JP   Document 1   Filed 06/23/16   Page 8 of 12

27. Both Plaintiff and Defendant U.S. Bank filed cross-motions for summary judgment, and said motions were denied on June 23, 2015.

28. At some unknown point in time, OCWEN took over the servicing of said alleged obligation and despite every attempt by Plaintiff to compromise the dispute and remove the lien from the subject property, OCWEN turned the debt over to collection attorneys, who persisted in prosecuting the foreclosure suit.

29. As part of discovery, Plaintiff noticed the deposition of Ms. Johnson-Seck and sought to compel her testimony..

30. Defense counsel filed a Motion to Quash and for Protective Order, but the Court denied said Motion on February 4, 2016.

31. Despite repeated attempts to schedule Ms. Johnson-Seck's deposition, said deponent was never produced; instead, foreclosure counsel withdrew its representation and OCWEN counsel intervened and sought Plaintiff's consent to forbear the filing of a motion for sanctions, and explore "settlement".

32. On June 3, 2016, OCWEN counsel informed undersigned counsel that "Plaitniff ["Trust"] will be discontinuing the foreclosure action" and on June 6, 2016, OCWEN counsel Informed undersigned counsel that he would be discontinuing the foreclosure suit "pursuant to Pa. R. Civ. P. 229, which we have the right to do without your consent". OCWEN refused to dissolve the remaining alleged mortgage, remove the lien, and instead wrote that the "mortgage and lien will still exist."

33. OCWEN counsel on behalf of the Trust filed its Praecipe to Discontinue on June 6, 2016.

5

## COUNT I – QUIET TITLE

34. Plaintiff hereby incorporates by reference paragraphs 1-33 as if set forth hereunder.

35. Any existing lien, represented by the foregoing mortgage and assignments, is a cloud on title and should be removed.

36. So long as said lien exists, further purported assignments may occur to yet unknown creditors, who will be either unsuspecting of the prior fraudulent transactions or who may purchase same on a discounted, speculative basis, hoping to foreclose on the subject property and/or collect funds from Plaintiff in oppressive and costly proceedings.

37. So long as said lien exists, interest, penalties and costs may continue to accrue.

38. As a result of accrued interest, penalties and costs, the existing lien already exceeds the fair market value of the subject property.

39. Should Plaintiff ever seek to convey or transfer his ownership, or seek any secured financing, he will be precluded from doing so because the intrinsic value of the property has been stripped.

40. Defendant Trust is unable to produce any valid and enforceable documentation that would legitimize any legal interest in the maintaining or collecting on said alleged debt.

41. In the absence of valid assignments, which were fraudulently created and negotiated, the underlying mortgage is a nullity.

42. The remedy of quiet title is the only equitable vehicle by which the disputed lien may be removed.

WHEREFORE, Plaintiff prays that this Court quiet title by ordering that the mortgage and any purported assignments are a nullity, that the existing lien be dissolved and removed of record, and that any encumbrance caused by said lien be deemed satisfied.

## COUNT II – MALICIOUS ABUSE OF PROCESS

43. Plaintiff hereby incorporates by reference paragraphs 1-33 as if set forth hereunder.

44. The foreclosure proceedings instituted by Defendant One West Bank, furthered by Defendant U.S. Bank and driven by Defendant OCWEN constitute a malicious abuse of process.

45. Faced with the prospect of a devastating court-ordered deposition of Ms. Erica Johnson-Seck (having previously admitted to her fraudulent and illegal conduct as a "robo-signer"), the filings in the foreclosure action (i.e., motion for summary judgment, motion to quash and for protective order, and praecipe to discontinue) were all malicious, dilatory, and an intentional and flagrant abuse of process.

46. These malicious acts have caused Plaintiff to suffer severe financial hardship in the payment of and indebtedness resulting from legal representation by several attorneys over the course of years.

47. In addition to compensatory damages for the fees and costs incurred by Plaintiff, because of the intentional, fraudulent and malicious conduct on the part of the aforesaid defendants, Plaintiff seeks punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants OCWEN, One West Bank and U.S. Bank, for compensatory damages in excess of Seventy-Five Thousand ($75,000) Dollars, and punitive damages in excess of One Million ($1,000,000) Dollars.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. Plaintiff hereby incorporates by reference paragraphs 1-33 as if set forth hereunder.

49. The conduct of the Defendants, individually and jointly, constitutes the intentional infliction of emotional distress.

50. As a result thereof, Plaintiff has suffered severe emotional and psychological distress, including but not limited to the fact that the financial pressures caused by the Defendants contributed to a significant and proximate cause for the dissolution of his marriage and the disproportionate division of the net marital estate. His distress is ongoing.

WHEREFORE, Plaintiff demands judgment against all Defendants for compensatory damages in excess of Seventy-Five Thousand ($75,000) Dollars, and punitive damages in excess of One Million ($1,000,000) Dollars.

## COUNT IV – FRAUD

51. Plaintiff hereby incorporates by reference paragraphs 1-33 as if set forth hereunder.

52. The conduct of the Defendants in the robo-signing, purported assignments an imposition of liens was tantamount to fraudulent conveyances and recordings.

53. The conduct of the Defendants, jointly and/or severally, was intentional, knowing of The underlying illegality of their actions, with the intent to defraud and harm Plaintiff.

54. As a proximate cause of Defendeants" fraud, Plaintiff suffered substantial financial harm, including but not limitied to the imposition and payment of legal fees, costs and expenses, accrued interest and penalties, and the placing of a lien upon the subject property where the underlying mortgage/assignments were illegal and a nullity. These losses are continuing.

8

WHEREFORE, Plaintiff demands judgment against all Defendants for compensatory damages in excess of Seventy-Five Thousand ($75,000) Dollars, and punitive damages in excess of One Million ($1,000,000) Dollars.

                                                PERLBERGER LAW ASSOCIATES, P.C.

BY:    *s/Norman Perlberger*
          Norman Perlberger, Esquire

          Attorney for Plaintiff